[Decided November 19, 1894.]

## HUME v. WOODRUFF.

[38 Pac. 191.]

NONSUIT—TRIAL—CODE, §§ 402, 246.—A determination of an issue presented by a general demurrer to complaint is a "trial" within the meaning of subdivision 1 of section 246, Hill's Code, and thereafter a plaintiff will not be entitled to a voluntary nonsuit, unless by leave of court he files an amended complaint, in which case the original complaint ceases to be part of the record, (*Wells* v. *Applegate*, 12 Or. 208, and *Hexter* v. *Schneider*, 14 Or. 184, cited and approved,) and the cause stands for hearing on the amended complaint. Before action is taken on this pleading plaintiff may be nonsuited if he chooses.

APPEAL from Curry: J. C. FULLERTON, Judge.

This is a suit by R. D. Hume to enjoin and restrain Chauncy Woodruff and others from interfering with what plaintiff claims and alleges to be a private fishery in Rogue River. A demurrer to the complaint because it did not state facts sufficient to constitute a cause of suit being sustained with leave to amend, the plaintiff filed an amended complaint, and at the same time a motion for a voluntary nonsuit. This motion was denied by the court, and the amended complaint, on motion of the defendants, stricken from the files because it was sham, frivolous, and irrelevant. Plaintiff refusing to plead further, a decree was

entered dismissing the suit and for costs, from which he appeals.                                        REVERSED.

*Mr. S. H. Hazard,* for Appellant.

When the amended complaint was filed in accordance with leave of the court, the same superseded the former complaint, and the suit stood as if no proceedings had been had in the suit.  As held by this court, in such case it is not necessary that the original pleadings should be included in the transcript, as the same was entirely superseded by the amended pleadings.

Our statute provides that a judgment for nonsuit may be taken by the plaintiff, on his motion, at any time before trial, unless a counterclaim has been pleaded as a defense. Our statute has only changed the rule of the common law, as to the time when the plaintiff might become nonsuited. At common law, plaintiff was entitled to a nonsuit even after verdict against him and at any time before judgment was entered.  As the court will see by an examination of the numerous authorities in this brief cited, from states which have statutes similar to our own, the plaintiff may submit to a nonsuit at any time before the trial is completed.  It is not necessary that he should give any reason for so doing, and the court has no right to require reasons or refuse the nonsuit.  The only penalty the law imposes upon the plaintiff for taking a nonsuit is that he shall pay the costs and disbursements of the action or suit.  The plaintiff is entitled to a judgment of nonsuit on his motion therefor at any time before the cause is finally submitted to the court or jury, unless a counterclaim has been pleaded as a defense: Hill's Code, §§ 246, 402; *Dave* v. *Hayden,* 5 Or. 500; *Currie* v. *Southern Pacific Company,* 23 Or. 400; *Dimick* v. *Deringer,* 32 Cal. 488; *Burbank* v. *Woodward,* 124 Mass. 356; *Lawrence* v. *Shreve,* 26 Mo. 492; *Adams* v. *Shep-*

herd, 24 Ill. 464; *Wright* v. *Bartlett*, 45 N. H. 289; *Merchants' Bank* v. *Rawls*, 50 Am. Dec. 394; *Texas and Pacific Railway Company* v. *Miller*, 23 Am. St. Rep. 308.

*Messrs. Wm. R. Willis*, and *Warren Gregory* (*Messrs. Chickering, Thomas*, and *Gregory* on the brief), for Respondent.

There was no error in striking the second amended complaint from the files, for the reason it was in substance a copy of the first amended complaint; and there was no error in denying plaintiff's motion for nonsuit, for this motion was not made until after trial and decision of the court on demurrer to plaintiff's amended complaint. Section 402 of our Code provides: "A decree dismissing a suit may be given against the plaintiff in any of the cases specified in subdivisions 1, 2, and 3 of section 246, except the last clause of subdivision 3. Such decree is a determination of the suit, but shall not have the effect to bar another suit for the same cause or any part thereof." Section 246: "A judgment of nonsuit may be given against the plaintiff, as provided in this title, on motion of the plaintiff, at any time before trial, unless a counterclaim has been pleaded as a defense."

Opinion by MR. CHIEF JUSTICE BEAN.

The only question presented for our determination is whether the plaintiff was entitled to a voluntary nonsuit. By section 402 of Hill's Code a decree dismissing a suit may be given against the plaintiff in any of the cases specified in subdivisions 1, 2, and 3 of section 246, except the last clause of subdivision 3. By subdivision 1 referred to a plaintiff is entitled to a voluntary nonsuit at any time before trial, unless a counterclaim has been pleaded as a defense. Under our statute a trial is defined to be "the judicial examination of the issues between the parties."

Section 177. Issues are of two kinds: first, of law; second, of fact. Section 173. An issue of law arises upon a demurrer (section 174), and, since a defendant may demur upon the ground "that the complaint does not state facts sufficient to constitute a cause of suit," (sections 67 and 389,) it would seem to follow that the determination of an issue presented by such a demurrer is a "trial" of the cause within the meaning of the statute (*Alley* v. *Nott*, 111 U. S. 472), and, as a consequence, that after the disposition thereof a plaintiff is not entitled to a voluntary nonsuit unless by leave of the court an amended complaint is filed. If, however, he is allowed to amend and does so, the original complaint and the demurrer thereto cease to be a part of the record for the purposes of the trial, and the cause stands for hearing or trial on the amended complaint the same as if no other had been filed: *Wells* v. *Applegate*, 12 Or. 208, 6 Pac. 776; *Hexter* v. *Schneider*, 14 Or. 184, 12 Pac. 668. In such a case, it seems to us, a plaintiff would be entitled, as a matter of right, to a voluntary nonsuit at any time before the amended complaint is disposed of, or a trial had on some issue tendered by it, although it may in fact be subject to the same objection as the original. In the case at bar, after the demurrer had been sustained, the court allowed the plaintiff to amend, which he did. The original complaint and the ruling on the demurrer, therefore, ceased to be a part of the case, but it stood for hearing on the amended complaint alone, and as there had been no trials on any issues tendered by such complaint, and it still remained on file, we are of opinion plaintiff was clearly entitled to become nonsuited if he so desired, and the court erred in overruling his motion for that purpose.

The refusal of the court to grant the nonsuit, and in entering a decree dismissing the suit, was undoubtedly prejudicial error. A voluntary nonsuit, when taken as prescribed in subdivision 1 of section 246, does not bar a

subsequent suit for the same cause; but a decree sustaining a demurrer to a complaint and dismissing the suit because it does not state facts sufficient to constitute a cause of suit, is, until reversed, a final determination of the issues presented by such complaint, and can be pleaded as a bar to a subsequent action for the same cause. For these reasons the decree of the court below will have to be reversed and the motion for a nonsuit allowed.

REVERSED.