Argued May 2, affirmed August 29, petition for rehearing
denied September 26, 1950

## WELLS *v.* NIBLER
### 221 P. (2d) 582

*Carl D. Etling,* of Portland, argued the cause and
filed a brief for appellant.

*John F. Kilkenny* argued the cause for respondent.

On the brief were Raley, Kilkenny & Raley, of Pendleton.

Before Lusk, Chief Justice, and Brand, Belt,* Rossman and Latourette, Justices.

## LATOURETTE, J.

This action was brought under the state Employers' Liability Act. Plaintiff was directed to climb a locust tree on the farm of the defendant to trim some limbs. The tree was about one-and-one-half to two feet in diameter on the trunk and approximately forty or fifty feet in height. At the time of the accident, plaintiff, after having shinned up the tree, was about twenty feet from the ground equipped with a small saw and was engaged in sawing a limb about six or eight inches in diameter. While plaintiff was thus engaged, the limb began to break and fall before it was completely cut off, whereupon the bark and wood thereof peeled back and caught plaintiff's foot, breaking and shattering his leg above the ankle. Plaintiff was unfamiliar and inexperienced with the work in which he was engaged to the knowledge of defendant.

Plaintiff charges defendant was guilty of negligence as follows:

"1. In failing to assist plaintiff or provide him with a helper;

"2. In failing to provide plaintiff with any climbing equipment with which to climb said tree and to secure his footing and hold himself while topping and trimming said tree;

"3. In failing to provide plaintiff with a ladder or ladders or scaffolding with which to climb said

* Died August 6, 1950.

tree and provide a secure footing while he was topping and trimming said tree;

"4. In failing to provide plaintiff with rope or block and tackle with which to secure and lower limbs which had been cut so that they would not break and swing and drop out of control;

"5. In failing to provide plaintiff with a safe place to work;

"6. In failing to provide every device, care and precaution practicable for the protection of life and limb of the plaintiff.

"That the furnishing or doing of the foregoing things would have been practical and would not have impaired the efficiency of the work or operation, and constituted a duty on the part of defendant to plaintiff under the said employer's liability act."

A trial was had before a jury, and its verdict was in favor of the defendant, whereupon plaintiff appealed. There are eighteen assignments of error relating to the conduct of the trial.

Defendant demurred generally to the complaint, moved for a directed verdict and has contended throughout the proceedings and on appeal that the Employers' Liability Act does not apply.

Section 102-1601, O. C. L. A., being the Employers' Liability Act, may be properly divided into two parts, the first dealing with structures, machinery, electricity, dangerous appliances and substances and scaffolding, staging, false work, or other temporary structures, etc., while the second part has been styled the "and generally" clause, which is as follows:

"* * * and generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is prac-

ticable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.''

The above act has been considered many times by this court, and many opinions have been written concerning its provisions, and it would serve no good purpose to review all of them. One needs only to refer to *Barker v. Portland Traction Co.*, 180 Or. 586, 173 P. (2d) 288, 178 P. (2d) 706, and to *Williams v. Clemen's Forest Products,* 188 Or. 572, 216 P. (2d) 241, to find the law that is determinative of the question involved in the case at bar. In the former case the plaintiff was an operator of a one-man streetcar on the company's line. Because of the weather conditions, Barker left his car and tried to remove the snow and ice from a switch, whereupon he was injured. He brought his action under the Employers' Liability Act. The court there held that the act did not apply in the following language:

"We do not believe that the plaintiff's contention is warranted by any language of the Employers' Liability Act. Certainly no express provision of the act extends its protective features to employees engaged in the performance of non-hazardous work. According to our interpretation of the act, its protection is available only to (1) employments which are attended with inherent risks and dangers, and (2) employments which are rendered hazardous through the use of machinery, scaffolding, dangerous substances, electrical devices or other equipment and substances which are expressly enumerated in the act.''

In the case of *Williams v. Clemen's Forest Products,* supra, this court again stated the law to be that for

an employee to recover under the "and generally" clause his employment must have been inherently dangerous.

Plaintiff's activities in the work he was performing in falling a limb do not come within the express provisions of the act, supra. He could only obtain relief under the "and generally" clause of the act if his employment was attended with inherent risk and danger.

■ Ordinarily, whether or not an employment involves risk and danger is a jury question, but where the court can say that the facts, as a matter of law, do not involve inherent risk and danger, it is its duty to so rule. *Hoffman v. Broadway Hazelwood,* 139 Or. 519, 10 P. (2d) 349, 11 P. (2d) 814, 83 A. L. R. 1008; *Ferretti v. Southern Pacific Co. et al.,* 154 Or. 97, 57 P. (2d) 1280; *Williams v. Clemen's Forest Products,* supra.

In the case of *O'Neill v. Odd Fellows Home,* 89 Or. 382, 390, 174 P. 148, the late Mr. Justice BEAN, speaking for the court, said:

> "The whole language of the act denotes that the kind of employment thereby protected is that which is beset with danger, the hazardous, dangerous employments similar to those enumerated in the act, or which under the circumstances or manner in which it is being executed is rendered dangerous, within the meaning of the act."

In the case of *Bottig v. Polsky,* 101 Or. 530, 547, 201 P. 188, Mr. Justice HARRIS said:

> "* * * it will be impossible to expand the meaning of the statute beyond the boundaries marked out in O'Neill v. Odd Fellows' Home, 89 Or. 382 (174 Pac. 148). It is now too late to enter into any debate as to whether or not the act applies to an employment which, although ordinarily non-

hazardous is in a given instance made dangerous by unusual and peculiar conditions; for that question is foreclosed by numerous precedents and the rule of stare decisis applies with full force.''

In *Freeman v. Wentworth & Irwin, Inc.,* 139 Or. 1, 14, 7 P. (2d) 796, this court said:

"The only employments protected by this clause are those which are of the general kind mentioned specifically in preceding parts of the act; that is, those which men commonly regard as dangerous and hazardous: Bottig v. Polsky, 101 Or. 530 (201 P. 188).''

■ We do not believe that men would commonly regard as dangerous and hazardous the sawing off of a limb which was accomplished by plaintiff on defendant's farm. From time immemorial men, women and children have climbed trees and sawed off limbs without anything further required than agility and a saw. It would be the furthest thing from the mind of an ordinary farmer to take the precautions suggested by plaintiff in his complaint. We do not believe the Employers' Liability Act was enacted to cover such a case as we have before us. We hold that since plaintiff was not engaged in an employment involving inherent risk and danger at the time he was injured, plaintiff cannot recover in this action, and defendant's motion for a directed verdict should have been allowed.

Plaintiff has cited *Niemi v. Stanley Smith Lumber Co.,* 77 Or. 221, 147 P. 532, 149 P. 1033. In that case the defendant maintained a logging camp where machinery was employed in its logging operations. The plaintiff-decedent was engaged in felling a tree which, in falling, struck a guy wire which struck the gin tree in such a manner that one of the falling branches struck the decedent, causing an injury from which he subse-

quently died. This case, as the court there said, fell under the provisions of the Employers' Liability Act "both as regards machinery and an inherently dangerous occupation." Plaintiff also cites *Camenzind v. Freeland Furniture Co.,* 89 Or. 158, 174 P. 139. In that case plaintiff suffered the loss of two fingers while working for the defendant on a machine known as a "double spindle shaper." Plaintiff also relies on *Poullos v. Grove,* 84 Or. 106, 164 P. 562. In that case plaintiff went into the loft of the defendant's barn at defendant's direction to throw down hay for the purpose of feeding defendant's horses. It was dark in the loft, and there was an opening in the floor without any guard or obstacle to prevent anyone from falling through it. Plaintiff did not know of the existence of the hole and could not see it because of the darkness. He had never been in the loft before. The court held that he was entitled to have his case go to the jury on the question of whether or not his work involved a risk or danger.

Obviously, the first two cases above cited, *Niemi v. Stanley Smith Lumber Co.,* supra, and *Camenzind v. Freeland Furniture Co.,* supra, are not applicable because they were brought under the specific and express provisions of the statute and not under the "and generally" clause.

In the case of *Poullos v. Grove,* supra, the court obviously could not say as a matter of law that the work in which Poullos was involved was not inherently dangerous, and it properly became a jury question.

■ In view of our holding that plaintiff is not entitled to recover in this case, it will be unnecessary to consider his assignments of error. *Longfellow v. Huffman,* 57 Or. 338, 112 P. 8. Affirmed.