Argued October 29, 1962, reversed and remanded January 23,
petition for rehearing denied February 19, 1963

# NORMAN *v.* CUNNINGHAM SHEEP COMPANY
### 377 P. 2d 916

*Duane Vergeer*, Portland, argued the cause for appellant. With him on the briefs were Charles S. Crookham and Vergeer & Samuels, Portland.

*Clifford B. Olsen*, Portland, argued the cause for respondent. With him on the brief were Anderson, Franklin, Jones & Olsen, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Lusk and Denecke, Justices.

GOODWIN, J.

The defendant employer appeals from a judgment for the plaintiff workman in an action brought under the Employers' Liability Law (ORS 654.305 to 654.335).

In the course of his duties, the plaintiff was required to remove a belt which transferred power from a large stationary engine to a hay chopper. With the

machinery shut down, the plaintiff stuck the pointed end of a crowbar in the ground at the base of the engine, and leaned against the upper portion of the bar. His purpose was to pry the engine toward the hay chopper and in that manner to obtain slack in the belt. Instead of providing the desired leverage, the bar gave way and the plaintiff fell forward, sustaining an injury to his lower back. The immediate cause of the bar giving way was apparently the unstable condition of the ground at that point.

The plaintiff alleged in his complaint that the defendant was negligent in failing to provide enough help, in failing to provide proper tools, and in failing to comply with the "every device, care and precaution" requirement of the above-mentioned statute.

■ The first assignment of error challenges the failure of the trial court to direct a verdict for the defendant. The motion proceeded on the ground that there was no proof that the defendant was negligent.

■ The only direct evidence upon the question of manpower came from the defendant's witness, a foreman, who said that the plaintiff could have had help if he had asked for it. The plaintiff testified that he did not ask for help, but drove out to the site in a pickup truck alone. There were then no other men within convenient hailing distance. However, there is nothing in the record to show that any failure on the part of the employer to send more men with the plaintiff was a breach of any duty owed the plaintiff. The employer's duty to furnish sufficient manpower to perform a task safely is violated when a workman is required to overtax himself in order to perform a task, or when he is otherwise required to risk injury which could have been prevented by additional help. In the case at bar, there is no evidence that the workman

was required to perform the assigned task alone. As noted, if the plaintiff wanted more help, he had only to ask for it. In this respect the case is somewhat similar to *O'Neal v. Meier & Frank Co.,* 226 Or 108, 359 P2d 101 (1961), where a workman sustained injuries in attempting to move a pickle barrel and charged the employer with a failure to provide sufficient help. There, again, the help was available if the workman had asked for it.

■ Neither was the absence of additional help a contributing cause of the accident. The plaintiff testified that even when he had done the job on other occasions, accompanied by fellow workmen, he had employed the same technique. He said he would put one end of an iron bar in the ground under the skids of the motor, and then push against the upper part of the bar in order to obtain leverage. The reason the bar slipped on the occasion in question was because the ground was wet. The soft ground cannot be charged to the employer as negligence. This is not a case where a man is required to undertake alone something beyond his strength, as in *Hale v. Electric Steel Foundry Co.,* 183 Or 275, 191 P2d 396, 192 P2d 257, 192 P2d 986 (1948). The accident happened, as the plaintiff said, because "the bar gave way", not because the plaintiff overtaxed his strength. There is no evidence that the bar would not have given way in the same manner and with the same result had there been other men with crowbars assisting in the work.

■ With reference to the allegation of negligence in failing to provide adequate tools, the undisputed evidence, including that of the plaintiff himself, is to the effect that he had access to a complete machine shop. The plaintiff was the general repair man on

the ranch where he was employed. He testified that he could have used a tractor if he had thought it necessary. He chose to use a crowbar. In the absence of an affirmative showing that an implement supplied was a dangerous one, before an employer can be charged with negligence in failing to supply safe tools there must be some evidence upon which a jury could find (a) a failure to provide, and (b) that the tools furnished were less safe than some other tools that might have been furnished. See *Warner et al v. Mitchell Bros. Truck Lines,* 221 Or 544, 550, 352 P2d 156; *Cox v. Sanitarium Co.,* 181 Or 572, 582, 184 P2d 386.

■ The general allegation in the language of ORS 654.305 to the effect that the employer generally failed to provide every device, care and precaution practicable for the protection and safety of the plaintiff adds nothing to the allegations of negligence discussed above. The statute does not impose upon an employer the role of an insurer of the safety of his workmen in the absence of some showing of negligence.

There was nothing in the record to support the submission of the cause to the jury.

Reversed.

DENECKE, J., dissenting.

This case should be reversed, but remanded. I agree with the majority that the trial court erred in submitting to the jury the charge that the defendant was at fault in failing to provide plaintiff with proper or adequate tools. I disagree with the majority's holding that there was no evidence to support the charge that defendant failed to provide plaintiff with adequate help.

Plaintiff's testimony could be reasonably inter-

preted that he was ordered to do the job immediately; that in the absence of his superior directing other men to help him, or in the absence of his superior directing plaintiff to secure other help, he was to do the job alone; and that even if he were impliedly authorized to secure additional help, no additional help was available at that time.

Contrary to the majority, it is believed that there was evidence that the absence of additional help was a physical cause of the accident. Plaintiff testified that at the time of the accident, he pushed against the bar, "a couple of times." The motor did not move. Plaintiff then put his shoulder against the bar and pushed and the bar gave way. Plaintiff testified that on previous occasions he and one or two other men, each with a crowbar, had successfully moved the motor. The plaintiff said that it took two or three men with crowbars to move the motor and with this number of men each man would not have to push so hard. The jury could have reasonably drawn the inference that if two or three men had been pushing with crowbars, plaintiff would not have had to push so hard that he dislodged the crowbar.

O'CONNELL, J., joins in this dissent.

SLOAN, J., dissenting.

The evidence in this case could have permitted the jury to find that plaintiff was required to attempt to move a 4,000 pound engine without any other assistance than a crowbar. On all previous occasions the job had been accomplished with the help of three or four other men. A crowbar might be a safe tool for the purpose when the act of moving was accomplished by other human physical force. The trial court correctly decided that number of men required and

the suitability of the only tools available were for the jury to decide. It should be an unusual case when this court second guesses the trial court in submitting or not submitting a case to the jury. A printed record is quite a different means of forming judgment than that obtained in the atmosphere of the courtroom.

The judgment should be affirmed.