Argued July 1, reversed and remanded September 10, 1964
# QUICK *v.* ANDRESEN
395 P. 2d 154

*Al J. Laue,* Salem, argued the cause for appellant. With him on the brief were Otto R. Skopil, Jr., and Williams & Skopil, Salem.

*Francis E. Marsh,* McMinnville, argued the cause for respondent. With him on the brief were Marsh, Marsh, Dashney & Cushing, McMinnville.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

## DENECKE, J.

The plaintiff employee commenced an action against the defendant, her employer, for personal injuries. The issues on appeal are raised by the trial court's granting two motions to strike parts of the complaint. The case was tried before the court, sitting without a jury, upon stipulated facts. Judgment was entered for the defendant.

The defendant demurred to the plaintiff's amended complaint upon the ground that the action had not been commenced within the time limited by statute. This demurrer was overruled. The defendant continues to assert that such ruling is error and the complaint is insufficient. This contention shall be considered first.

Plaintiff was injured July 1, 1959. She brought an action against the defendant to recover damages for such injury within two years of the date of such injury. She alleged in her complaint in the present proceeding that such original action "was terminated

by dismissal of said action on the motion of the plaintiff prior to a completion of a trial on the merits"; i.e., a voluntary nonsuit. This present proceeding was commenced within one year after the voluntary nonsuit but more than two years after the injury was incurred. The statute of limitation has run unless ORS 12.220 applies. It provides:

> "* * * if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; * * *."

This poses the question: is a voluntary nonsuit a dismissal within the meaning of the above-quoted statute?

■ A nonsuit is a judgment. ORS 18.230. It is voluntary if made pursuant to plaintiff's motion. In the absence of a counterclaim it must be granted as a matter of right, if made before the issues have been joined; it is discretionary with the court if the issues have been joined and the trial has commenced. A judgment of nonsuit is the only method of "dismissing" an action at law, as distinguished from a suit in equity. *Mulkey v. Day,* 49 Or 312, 314, 89 P 957 (1907).

The statute does not expressly refer to involuntary dismissals or to voluntary dismissals; it simply says "dismissed."

The most extensive comment on this statute is made in *White v. Pacific Tel. & Tel. Co.,* 168 Or 371, 375-376, 123 P2d 193 (1942). These statements were made as dicta, as the court was deciding another question. The court stated of the statute:

> "That section applies only when an action has

been commenced within the time prescribed by the statute and has been dismissed without a trial upon the merits, such as in a case when judgment of nonsuit is given, or when an action is dismissed for want of prosecution or for want of jurisdiction, and the like, and it has no application to a judgment entered after a trial upon the merits. In all these latter cases, the judgment of dismissal does not conclude the plaintiff's right of action and leaves the right of action open the same as if no proceedings thereon had ever been had. * * *

"* * * 'dismissed', as used in section 1,219, O.C.L.A. [ORS 12.220], signifies a final ending of an action, not a final judgment on the controversy, but an ending of that particular proceeding. This conforms to the definition found in Black's Law Dictionary of the word 'dismissal', where he says:

" 'The dismissal of an action, suit, motion, etc., is an order or judgment finally disposing of it by sending it out of court, though without a trial of the issues involved.' "

This language indicates that the court was of the opinion that the statute was applicable whether the dismissal was in the form of an involuntary nonsuit or in some other form. This dictum, and the absence of any express language in the statute limiting dismissals to involuntary dismissals, causes us to conclude that the statute is applicable, that this proceeding was commenced in time and that the trial court was correct in overruling defendant's demurrer.[1]

The defendant moved to strike that part of the complaint alleging provisions of the Basic Safety Code

---

[1] An Annotation of the general question is at 79 ALR2d 1290 (1961); the wording of the various state statutes varies and thus the decisions vary.

and that the defendant violated such provisions. The motion was granted.

The complaint alleged that defendant operated a commercial cherry orchard and that the plaintiff was employed as a picker. The plaintiff was working on a ladder in excess of 10 feet. The ladder fell, injuring plaintiff. The Safety Code requires a locking device to secure the sections of the ladder in an open position. It also requires that if the ladder is more than 10 feet in height, it shall be held by an attendant.

The defendant contends that the Safety Code does not apply to the operation of a farm.

■ The statutes authorizing the formulation of safety codes expressly include all employments. ORS 654.010, 654.015, 654.035. In *Hillman v. North. Wasco Co. PUD*, 213 Or 264, 295, 323 P2d 664 (1958), we held: "The safety act applies to every employer and there is nothing in the act implying an intent to limit the act to employers engaged in hazardous employment." In *Fields v. Fields*, 213 Or 522, 540, 307 P2d 528, 326 P2d 451 (1958), we repeated this statement. That was an action for injuries received while working on a farm and this statement in the opinion was made in affirming the trial court's instruction to the jury that a violation of the Safety Code is negligence per se.

*Ritter v. Beals et al*, 225 Or 504, 517, 358 P2d 1080 (1961), does not support defendant's position. We there held the Safety Act did not apply to domestic help for the reason that we interpreted "every employer," as that phrase is used in the Safety Act, to mean every employer who uses employees in a trade or business. A private homeowner is not such an employer; an orchardist is.

■ We hold that the Safety Codes are as applicable to farm employment as to any other type of employ-

ment. The trial court erred in striking the allegations containing provisions of the Basic Safety Code.

The trial court also struck the allegations from plaintiff's complaint which would bring the action within the Employers' Liability Act (ELA). Defendant's contention is that cherry picking is not an occupation involving "risk or danger" and, therefore, is not within the act. We have repeatedly stated that work involving "risk or danger" means work "inherently dangerous * * * dangers which are uncommon." *Barker v. Portland Traction Co.,* 180 Or 586, 604, 173 P2d 288, 178 P2d 706 (1947). Defendant argues that farming is classified under the Workmen's Compensation Act as nonhazardous and, therefore, work incidental to farming must not be work involving risk or danger, as that phrase is used in the ELA.

This court has held that the ELA can apply to farm work; that farm work can involve "risk or danger" within the meaning of the ELA. *Poullos v. Grove,* 84 Or 106, 164 P 562 (1917); *Bartley v. Doherty,* 225 Or 15, 351 P2d 71, 357 P2d 521 (1960). In our recent cases, holding as a matter of law that the particular work on the farm did not involve risk or danger within the intent of the ELA, we did not place all farm work outside the protection of the act; we merely held that the particular farm work being done at the time did not fall within the act. *Norman v. Cunningham Sheep Co.,* 233 Or 385, 377 P2d 916 (1963); *Short v. Federated Livestock Corp.,* 235 Or 81, 383 P2d 1016 (1963).

Defendant relies heavily upon *Wells v. Nibler,* 189 Or 593, 221 P2d 583 (1950). There, the plaintiff was directed to climb a locust tree on defendant's farm and trim some limbs. Plaintiff was sawing off a six or eight inch limb about 20 feet from the ground when the limb broke, the bark peeled back and caught and

broke plaintiff's leg. We held that such work did not involve risk or danger, as a matter of law.

If the injury in *Wells v. Nibler,* supra, had occurred by reason of falling, the case would be very similar to the facts alleged by this plaintiff. The fact is that the plaintiff Wells' injury was not caused by the obvious hazard of falling, but rather it was caused by the peeling back of the bark on the limb being cut. It may be that this is not a common hazard encountered in sawing off locust limbs of only six to eight inches in diameter. Viewed in any other light the decision is hard to reconcile with our other decisions holding that whether or not work, including farm work, involves risk or danger is usually a question for the jury.

In two decisions we held that an injury caused by the falling of a ladder could be within the ELA. In *Dorn v. Clarke-Woodward Drug Co.,* 65 Or 516, 133 P 351 (1913), the plaintiff employee was installing a transom. This necessitated his standing upon a stepladder which slipped, causing plaintiff to fall and injure himself. The court held that the trial court rightfully rejected the defense of assumption of the risk because the ELA applied and under such act that defense is unavailable.

In *Mackay v. Commission of Port of Toledo,* 77 Or 611, 152 P 250 (1915), the plaintiff employee was required to fill a boiler on a dredge with water. To do so he had to use a ladder which slipped and caused plaintiff to fall. We held it was a jury question whether the work plaintiff was doing involved "risk or danger" within the purview of the ELA. (Cf. *O'Neill v. Odd Fellows Home,* 89 Or 382, 174 P 148 (1918), hanging clothes on line using two or three foot stepladder not work involving risk or danger.)

The observation made by the court in *Bartley v. Doherty,* supra (225 Or at 23), is applicable. In *Bartley* the plaintiff was injured when the tractor with which he was discing a field hit a rock so that plaintiff was jostled around in the driver's seat and thereby injured. We held it was a fact question whether the work involved "risk and danger." We said:

> "It would seem anomalous that an employee working on a farm and driving a D-6 tractor drawing a farm disc or even a log for domestic wood use, who was injured by reason of some defect in the tractor, would be governed by a different rule than the same employee would be if he were employed by a commercial logging operator and was injured while driving the same tractor, with exactly the same defect, while drawing the same disc for the purpose of improving a logging road, or drawing the same log for commercial purposes, rather than for domestic use as wood. We cannot say that simply because the work was incidental to farming, it did not involve risk and danger." 225 Or at 23.

It also would seem anomalous if the plaintiff, working on a ladder picking cherries, would be governed by a different rule than an employee using a ladder in installing a transom or filling a boiler. We have stressed that it is the particular work being done at the time, not the general type of employment, that determines risk or danger. *Barker v. Portland Traction Co.,* supra (180 Or 586).

■ Based upon the allegations in the complaint, it is a question of fact whether the work plaintiff was doing involved "risk or danger." The granting of defendant's motion to strike was error.

Reversed and remanded.