George L. WARN, Plaintiff,

v.

BROOKS–SCANLON, INC., a corporation, Defendant.

Civ. No. 66–118.

United States District Court
D. Oregon.

June 29, 1966.

Supplemental Opinion Aug. 1, 1966.

Ben T. Gray, Portland, Or., for plaintiff.

Bradley D. Fancher, DeArmond, Goodrich, Gray, Fancher & Holmes, Bend, Or., for defendant.

## OPINION AND DISMISSAL

KILKENNY, District Judge:

This matter is before the Court on the defendant's motion for a summary

judgment under Rule 56, F.R.Civ.P., on a theory that the plaintiff's claim is barred by the statute of limitations. This is a diversity case and the Oregon statute [1] must control.

The injury occurred on April 1, 1963, and this action was not commenced until February 25, 1966. Manifestly, the action would be barred, unless plaintiff is protected by the provisions of ORS 12.220.[2]

To evade the bar of ORS 12.110(1), plaintiff shows that he commenced a previous action in the Circuit Court of the State of Oregon for Deschutes County in March, 1964, and that on February 3, 1966, prior to the trial of said action, he applied for, and secured, a voluntary non-suit in the state court case. It follows, he says, that by reason of the non-suit, ORS 12.220 gave him an additional year in which to file this claim. I agree with plaintiff that the non-suit was the equivalent of the "dismissal" mentioned in the escape statute. Quick v. Andresen, 238 Or. 433, 395 P.2d 154 (1964).

The historical background of the statute which plaintiff seeks to invoke, reveals that it originally covered only a plaintiff who was successful in securing a reversal on appeal.[3] The statute was amended in 1921 [4] so as to include a plaintiff where the action was commenced within the time prescribed therefor "and the action is dismissed upon *the trial thereof.*" [5]

Under Oregon law, plaintiff is entitled to a voluntary non-suit as a matter of right, at any time prior to the commencement of the trial on the facts. ORS 18.230(1). Pfleeger v. Swanson, 229 Or. 254, 367 P.2d 406, 1 A.L.R.3d 707 (1961). However, once the trial is commenced, the granting or refusal of a non-suit is in the sound discretion of the court. ORS 18.230(1); Pfleeger v. Swanson, supra.

All three statutes, being *in pari materia*, should be construed together. To construe the statutes in conformity with the plaintiff's argument, would, of necessity, circumvent and destroy the obvious intent behind the legislation. If plaintiff's construction is permitted, then a litigant could indefinitely extend the time, by filing and taking a voluntary non-suit each year.

The only reasonable construction which can be placed on ORS 12.220, is one which permits a plaintiff an additional one year's time only when the non-suit (dismissal) is granted after the commencement of a trial on an issue of fact. At that time, of course, the allowance of a dismissal is subject to the dis-

---

1. ORS 12.110(1).

"(1) An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

2. ORS 12.220.

"Except as otherwise provided in ORS 72.7250,* if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff, or if he dies and any cause of action in his favor survives, his heirs or personal representatives, may commence a new action upon such cause

of action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."

\* No application.

3. Olson, Oregon Laws, § 21.

"If an action shall be commenced within the time prescribed therefor, *and a judgment therein for the plaintiff be reversed on appeal*, the plaintiff, or if he die, and the cause of action survives, his heirs or personal representatives, may commence a new action within one year after the reversal." (Emphasis supplied.)

4. Oregon Laws, 1921, Chapter 6.

5. The amendment of 1961, Chapter 726, is of no importance.

cretion of the court and entirely under its control. If such was not the intention of the legislature, the use of the language "dismissed upon the trial thereof" was completely without meaning. The word "trial" has a well defined legal meaning, and that definition must be applied in construing the statute. Cordon v. Gregg, 164 Or. 306, 97 P.2d 732, 101 P.2d 414 (1940). The main object of a statute of limitations is to limit the time in which a party may prosecute an action. Such being the object which the statute was designed to accomplish, the statute should be construed so as to effectuate that object. Swift & Co. v. Peterson, 192 Or. 97, 233 P.2d 216 (1951); Wimer v. Miller, 235 Or. 25, 383 P.2d 1005 (1963); Pfleeger v. Swanson, supra.

■ I find nothing in Quick v. Andresen, supra, relied on by plaintiff, which alters the views previously expressed. For that matter, that case supports my conclusions. There, the nonsuit was granted on the "trial". In Oregon, the defense of the statute of limitations is not a technical one in the invidious sense of that word, but is considered meritorious since statutes of limitations are looked on, in that state, with favor as statutes of repose. Eastman v. Crary, 131 Or. 694, 284 P. 280 (1930); King v. Mitchell, 188 Or. 434, 442, 214 P.2d 993, 216 P.2d 269, 16 A.L.R.2d 1128 (1949).

A motion for a summary judgment being a proper method by which to raise the legal question, Gifford v. Travelers Protective Ass'n of America, 153 F.2d 209 (9th Cir. 1946); Creditors Committee of Horton Brown Corp. v. Goodhart, 98 U.S.App.D.C. 144, 233 F.2d 23 (1956), the defendant's motion must be allowed.

It is ordered that summary judgment be granted against plaintiff and this cause dismissed.

## SUPPLEMENTAL OPINION AND ORDER

Plaintiff's motion for reconsideration urges that a *trial* is a judicial examination of an issue of either law or fact,[1] Mursener v. Redding, 176 Or. 617, 631, 160 P.2d 307 (1945), and that issues of law and of fact may arise on different parts of the pleadings in the same action.[2] Furthermore, that a determination of an issue presented by a general demurrer to a complaint is a trial. Hume v. Woodruff, 26 Or. 373, 375, 38 P. 191 (1894).

Citing these authorities, the defendant calls attention to the state court's ruling on defendant's general demurrer to the plaintiff's fourth amended complaint and says such action constituted a "trial" within the exception of ORS 12.220.

ORS 17.020 and ORS 17.025, trace their ancestry to Deedy and Lane, General Laws of Oregon, 1843–1872, Chapter II, Title 1, § 175 and § 174.

Conversely, ORS 12.120(1) and ORS 12.220 trace their ancestry to Chapter I, Title 1, § 21, of the same work.

■ In other words, Chapter I, Title 2, of the Deedy and Lane Code, dealt exclusively with statutes of limitation, while Chapter II, Title 1, of the same Code dealt with issues and the mode of trial. Of significance, and as mentioned in my previous opinion, the word "trial" was nowhere used in any one of the original provisions of the Oregon statutes touching on limitations, nor was this word used in those statutes until the 1921 amendment.

I believe the decision in State v. Pacific Live Stock Co., 93 Or. 196, 182 P. 828 (1919), is a complete answer to the plaintiff's contentions. There, it was held that a "trial", on a motion for a non-suit, meant a proceeding on all issues of fact. The statutes on which plaintiff relies were fully analyzed in the *Pacific Live Stock* decision. That case was decided approximately two years prior to the 1921 amendment to ORS 12.220. Consequently, we must assume that the Oregon Legislature had the *Pacific Live Stock* definition in mind at the time it used the word "trial" in the 1921 amendment.

1. ORS 17.025.

2. ORS 17.020.

Plaintiff's argument might be meritorious if the statutes had a common ancestry and if *Pacific Live Stock* had not been decided before the 1921 amendment.

The language of Hume v. Woodruff, supra, cited with pride by plaintiff, was pungently criticized, if not completely overruled, in *Pacific Live Stock*.

The motion for reconsideration is denied.