Argued January 15; affirmed March 10, 1942

# WHITE *v.* PACIFIC TELEPHONE & TELEGRAPH CO. ET AL.

### (123 P. (2d) 193)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Ronald L. Reilly*, of Portland (Eugene C. Libby, of Portland, on the brief), for appellant.

*Omar C. Spencer*, of Portland (Hart, Spencer, McCulloch & Rockwood and Howard T. McCulloch, all of Portland, on the brief), for respondents.

RAND, J. On January 9, 1937, two unknown men, masked and armed with revolvers, entered the office of the local cashier of the Pacific Telephone and Tele-

graph Company in Portland and robbed him of $5,084.50 in money, belonging to that company. Thereupon a deputy district attorney for Multnomah county drew up a criminal information, setting forth that the crime of assault and robbery, being armed with a dangerous weapon, had been committed and charging John Doe and Richard Roe, whose true names were unknown, with its commission. The same was then signed and verified by R. V. Jenkins, an officer of said company, and filed in the office of a committing magistrate of said county and a warrant was issued and delivered to a police officer for service.

After an investigation had been made by the police department and upon information thereby obtained, the police officer to whom the warrant had been delivered was instructed by one of his superior officers to insert the name of Coe C. White in the warrant and to arrest him as one of the persons charged with the commission of said crime. Thereupon White was arrested and taken before a committing magistrate and bound over to appear before the grand jury. Being unable to furnish the required bond, he was placed in the county jail where he remained until March 18, 1937, when he was discharged from custody upon the return into court by the grand jury of a not true bill. White then brought an action for malicious prosecution against said company and Jenkins jointly to recover damages for the injuries resulting from his arrest, prosecution and imprisonment, and, after trial upon the merits, obtained a judgment against said defendants in the circuit court for Multnomah county. The defendants appealed from said judgment, and it was held by this court in *White v. Pacific Telephone and Telegraph Company*, 162 Or. 270, 90 P. (2d) 193,

that defendants' motion for directed verdict should have been sustained and that the trial court erred in not instructing the jury to return a verdict for the defendants. Upon that ground, the judgment was reversed and the cause was remanded to the court below with directions to dismiss the action, which direction was complied with by the trial court, in entering a final judgment for the defendants for their costs and disbursements.

■ Under those proceedings, all matters at issue between the parties in that action were finally settled and determined and a judgment was entered which constitutes a bar to any further litigation as to any and all of said matters. Notwithstanding that the plaintiff was concluded by said judgment from further litigating any of said matters, he brought another action against the same defendants, setting forth two causes of action—one for malicious prosecution and the other for false imprisonment, and based his right to recover upon the same alleged wrongful acts that were alleged in his former complaint. In other words, by his present action, the plaintiff is attempting to re-litigate as against the same parties the same matters which were litigated and determined adversely to him in the former action after a trial upon the merits. Moreover, when his complaint in the present action was filed more than two years had elapsed since the prosecution was terminated in his favor by his discharge and release from custody on March 18, 1937.

■ It is well settled that a cause of action for malicious prosecution is complete when the prosecution is terminated in favor of the plaintiff, and the statute of limitations begins to run at that time. See Restatement, Torts, section 898.

The plaintiff, however, contends that, since the former action was commenced within two years after the prosecution of the criminal action was terminated in his favor and the present action was brought within one year after the former action was terminated and a judgment entered for the defendants, the time for bringing the present action was extended for one year thereafter by the provisions of section 1-219, O. C. L. A., which provides:

"If an action shall be commenced within the time prescribed therefor and such action be dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, plaintiff * * * may commence a new action upon such cause of action within one year after such dismissal or reversal on appeal, etc."

■ That section applies only when an action has been commenced within the time prescribed by the statute and has been dismissed without a trial upon the merits, such as in a case when judgment of nonsuit is given, or when an action is dismissed for want of prosecution or for want of jurisdiction, and the like, and it has no application to a judgment entered after a trial upon the merits. In all these latter cases, the judgment of dismissal does not conclude the plaintiff's right of action and leaves the right of action open the same as if no proceedings thereon had ever been had. But where, as here, there has been a trial upon the merits and a judgment entered, to place a different construction upon the statute would result in the entire destruction of the rule of res adjudicata and permit the plaintiff to litigate the same cause of action as against the same parties without end, provided only that the original action was commenced within the time prescribed by the statute and new actions were there-

after brought within one year after the termination by a judgment on the merits of the last preceding action.

■■ It is obvious that no such intention can be found in the words of the statute. We, therefore, hold that, under this statute, where the plaintiff fails otherwise than upon the merits and the time limited for the commencement of such action has expired, the plaintiff may commence a new action within one year as provided by the statute and that it has no application to a judgment entered after trial upon the merits and that the word "dismissed", as used in section 1,219, O. C. L. A., signifies a final ending of an action, not a final judgment on the controversy, but an ending of that particular proceeding. This conforms to the definition found in Black's Law Dictionary of the word "dismissal", where he says:

"The dismissal of an action, suit, motion, etc., is an order or judgment finally disposing of it by sending it out of court, though without a trial of the issues involved."

It is in that sense that the word "dismissed" is used in the statute. Moreover, section 1-219, in referring to a new action, applies only to the same cause of action and between the same parties, for if the cause of action is a different cause of action than that sued on in the former action, or if between different parties, unless brought within the time prescribed by law, the bringing of such action would be expressly barred by statute.

Upon the filing of the complaint in the present action, the defendants demurred upon the ground that neither the complaint nor either of the alleged causes of action therein set forth states facts sufficient to constitute a cause of action and that neither of the

alleged causes of action was commenced within the time limited by the code. The trial court sustained the demurrer and dismissed the suit, and the plaintiff has appealed.

To avoid the application of the statute of limitations, the plaintiff, in his complaint in the present action, sets forth the proceedings which were taken in the former action. These allegations, we think, are sufficient to entitle the court to consider the effect of the former adjudication and the matters which were there in issue and which were settled and determined by the judgment entered therein.

 It is well settled that in an action for malicious prosecution, the injury resulting to the plaintiff from the imprisonment resulting from the prosecution of the criminal action complained of is one of the elements of damages for which the plaintiff is entitled to recover. See 2 Sedgwick on Damages, 9 ed., sec. 456, et seq. It is also the general rule that a single, wrongful or negligent act can be the basis of but a single cause of action ex delicto, and that such a cause of action cannot be divided into distinct demands and be made the subject of separate suits. As said in 1 Am. Jur., sections 111, 112 and 114, pages 493 and 494:

"* * * Thus, a cause of action for deceit may not be split. And a single act of trespass on real property can give rise to only a single cause of action. So, although there is some authority to the contrary, the generally accepted rule is that a personal injury caused by a single tortious wrongful act of negligence is an entirety affords grounds for only one action, and cannot be split up in order to bring separate actions for different elements of damages."

"A tortious act may entitle the person in whom the cause of action lies to pursue one of several different forms of action. Under the rule precluding a

party from splitting a cause of action, however, recovery under one form of action prevents a recovery under another form of action. For example, one who has been subjected to a malicious prosecution is entitled to recover damages not only for his unlawful arrest and imprisonment and for the expenses of his defense, but for the injury to his fame and reputation by reason of the false accusation. The most appropriate remedy in such cases is by an action for malicious prosecution. But the injured party cannot be entitled to two recoveries for the same cause, and a recovery in that form must, therefore, be a bar to a subsequent action of slander for the same accusation. * * *''

"* * * the reason of the rule being that as the defendant's wrongful act is single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong. * * *''

It follows, therefore, that since the plaintiff is concluded by the judgment entered in the former action from further litigating, as against these defendants, any of the matters in issue in the present action, the judgment appealed from must be affirmed.

KELLY, C. J., and BELT and ROSSMAN, JJ., concur.

BAILEY, LUSK and BRAND, JJ., concur in the result.