Argued December 2, 1970, affirmed March 3, 1971

## FULLER, *Appellant, v.* SAFEWAY STORES, INC., *Respondent.*

481 P2d 616

*Paul J. Rask,* Portland, argued the cause and filed a brief for appellant.

*Paul R. Duden,* Portland, argued the cause for respondent. With him on the brief were Edwin J. Peterson, and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before O'Connell,* Chief Justice, and McAllister, Holman, and Howell, Justices.

HOLMAN, J.

Plaintiff brought an action for damages for personal injuries allegedly negligently caused by defendant. The trial court sustained a demurrer to plaintiff's complaint and entered a judgment of dismissal based thereon from which plaintiff appeals.

Plaintiff was injured on February 19, 1968. She thereafter filed an action for damages against defendant which was dismissed on June 26, 1969, for want of prosecution. On March 6, 1970, more than two years after her injury but within one year from the date of the prior dismissal, plaintiff filed the complaint involved in the present case to enforce the same cause of action. Defendant filed a demurrer to the complaint on the ground that the action had not been commenced within two years of the accrual of the cause of action, as required by ORS 12.110 (1).[1] The demurrer was sustained, the case was dismissed, and the present appeal resulted.

The sole contention by plaintiff on appeal is that under the provisions of ORS 12.220 she had one year from June 26, 1969, when her first action was dismissed, in which to refile her case. ORS 12.220 reads, in part, as follows:

"* * * [I]f an action is commenced within the

---

* O'Connell, C. J., did not participate in the decision of this case.

[1] ORS 12.110 (1): "An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; * * *."

time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff, or if he dies and any cause of action in his favor survives, his heirs or personal representatives, may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; * * *."

The statute has no application to the present situation. Before the statute applies, the original action must have been "* * * dismissed upon the trial thereof, or upon appeal * * *." The action was not dismissed upon trial or appeal. It was dismissed before trial because of lack of prosecution. For an identical holding, *see Pakos v. Warner*, 250 Or 203, 441 P2d 593 (1968). *Also see Haworth v. Ruckman*, 249 Or 28, 436 P2d 733 (1968) and *Warn v. Brooks-Scanlon, Inc.*, 256 F Supp 690 (D Or 1966), *aff'd mem.*, 374 F2d 893 (9th Cir 1967).

In the case of *Quick v. Andresen*, 238 Or 433, 395 P2d 154 (1964), a voluntary nonsuit was granted during trial, and we held that a new case could be filed within one year from the nonsuit even though the statute of limitations would normally have run in the interim. In *White v. Pacific Tel & Tel Co.*, 168 Or 371, 123 P2d 193 (1942) (dictum), the court seemingly ignored the plain language of the statute and held that it was applicable only to those situations when the action

"* * * has been dismissed without a trial upon the merits, *such as in a case* when judgment of nonsuit is given, or *when an action is dismissed for want of prosecution* or for want of jurisdiction, and the like, and it has no application to a judgment entered after a trial upon the merits * * *." (Emphasis ours.) 168 Or at 375.

The language of the case insofar as it applies to dismissals for want of prosecution is an unexplainable aberration. If *Pakos* and *Haworth* have not already impliedly overruled any language or implication in *White* which is contrary to our present holding, this case does so.

The judgment of the trial court is affirmed.