Argued October 8, 1974, affirmed February 21, 1975

TIKKA ET AL, *Appellants, v.* MARTIN ET AL, *Respondents.*

532 P2d 18

*Diane Wilp Spies,* Portland, argued the cause for appellants. With her on the brief were Sherwood, Barnes, O'Dell, Laman & Barton.

*Larry N. Sokol,* Portland, argued the cause for respondents. With him on the brief were Franklin, Bennett, Ofelt & Jolles, P.C.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, and HOWELL, Justices, and SLOPER, and LEAVY, Justices pro tempore.

McALLISTER, J.

This is a sequel to *Martin v. Tikka*, 263 Or 350, 500 P2d 1209 (1972). It is an action for fraudulent misrepresentations made by defendants concerning a fertilizer business traded by them to plaintiffs in exchange for plaintiffs' interest in an apartment house and $4,500.

It appears from plaintiffs' complaint that Portland Organic, Inc., is an Oregon corporation and that Gustave E. Martin at all times pertinent to this case acted for himself and as agent for his wife Roberta Martin and for Portland Organic, Inc. For the sake of brevity we will hereafter refer to the defendants collectively as the Martins.

It further appears from plaintiffs' complaint that on September 2, 1969 plaintiffs and defendants made an agreement for the exchange of the Tikkas' interest in an apartment house in Clark County, Washington, and $4,500 for a fertilizer manufacturing business in Portland owned by defendants, including a lease of the premises on which the plant was situated and certain leasehold improvements. Plaintiffs alleged that defendants made numerous false representations about their fertilizer business which induced plaintiffs to enter into the exchange agreement to their damage. Plaintiffs asked for a judgment in the sum of $11,525.96 consisting of the $4,500 paid to defendants in cash and $7,025.96 incurred in repairs, maintenance and improvements of the fertilizer plant and in attempting to operate the plant.

Defendants demurred to plaintiffs' original complaint on the ground that the alleged cause of action was barred by the statute of limitations. The demurrer was sustained and plaintiffs were given leave to plead further.

Plaintiffs thereafter, in an attempt to avoid the application of the statute of limitations, filed an amended complaint containing a new paragraph in which they alleged that this action was commenced within the time limited by law because of a prior proceeding in the Circuit Court for Multnomah County between the Martins as plaintiffs and the Tikkas as defendants (*Martin v. Tikka,* supra), which was appealed to this court, which reversed a decree of the circuit court and dismissed the prior proceeding. Plaintiffs further alleged that "the entire record and file" of the prior proceeding, including the appeal thereof, was by reference made a part of plaintiffs' amended complaint in this action as if fully set forth therein.

■ Since plaintiffs have, by reference, incorporated in their amended complaint the proceedings in *Martin v. Tikka,* supra, including the proceedings on appeal of that case, we are entitled to take note of those proceedings. It appears from examination of the record in *Martin v. Tikka,* supra, that the Martins and Portland Organic, Inc., as plaintiffs, filed a suit against the Tikkas to require them to specifically perform the exchange agreement. It further appears that the Tikkas, as defendants, filed a general denial and a counterclaim alleging that they were induced to enter into the exchange agreement by false representations made by the Martins about their fertilizer business and prayed for a judgment against the Martins for $15,-708.39, consisting of the $4,500 paid to the Martins as

part consideration for the exchange and for expenses incurred in the operation and improvement of the plant and wages paid to employees working on the plant and loss of profits on the operation of the apartment house, which the Tikkas had agreed to transfer to the Martins, but which was never transferred. The trial court held in favor of the Martins and entered a decree (1) requiring the Tikkas to specifically perform the exchange agreement and (2) dismissing the Tikka counterclaim as follows:

"The counterclaim of Defendants, HOWARD E. TIKKA, DAVID J. TIKKA, DONALD A. TIKKA and CHESTER B. TIKKA, be and the same hereby is dismissed".

The Tikkas appealed and this court reversed that portion of the decree requiring the Tikkas to specifically perform, holding that the Martins had indeed made several false representations about their business and were not entitled to specific performance. This court, in disposing of the Tikkas' answer and counterclaim, said:

"The plaintiffs offered evidence of their having rescinded the contract but they did not plead rescission as a defense or ask for any equitable relief. Also, defendants' affirmative answer contained a legal counterclaim for damages by reason of plaintiffs' misrepresentations. However, defendants do not appeal from that part of the trial court's decree denying them judgment; therefore, this court cannot consider the matter of defendants' legal counterclaim.

"The decree is reversed and the suit dismissed." 263 Or at 362.

Plaintiffs commenced this action within one year after the entry of this court's mandate in *Martin v.*

*Tikka,* supra, and rely on ORS 12.220 which, in pertinent part, reads as follows:

"\* \* \* [I]f an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff \* \* \* may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal \* \* \*."

■ We think ORS 12.220 does not help plaintiffs. As this court held in *White v. Pacific Tel. & Tel. Co.,* 168 Or 371, 123 P2d 193 (1942), and *Wolfe Investments v. Shroyer,* 249 Or 23, 436 P2d 554 (1968), that statute "gives additional limited time where an action is dismissed that has not been heard on its merits and its statutory limitation has expired after the initial filing." 249 Or at 25. ORS 12.220 does not apply to an action which has been dismissed after a trial upon the merits. We quote from *White v. Pacific Tel. & Tel. Co.,* supra, as follows:

"That section [ORS 12.220] applies only when an action has been commenced within the time prescribed by the statute and has been dismissed without a trial upon the merits, such as in a case when judgment of nonsuit is given, or when an action is dismissed for want of prosecution or for want of jurisdiction, and the like, and it has no application to a judgment entered after a trial upon the merits. \* \* \* But where, as here, there has been a trial upon the merits and a judgment entered, to place a different construction upon the statute would result in the entire destruction of the rule of res adjudicata and permit the plaintiff to litigate the same cause of action as against the same parties without end, provided only that the original action was commenced within the time prescribed by the statute and new actions were thereafter brought within one year after the termination by a judg-

ment on the merits of the last preceding action." 168 Or at 375-376.

■■ It is apparent from the record in *Martin v. Tikka* that both Martins' claim to specific performance and Tikkas' counterclaim for fraudulent misrepresentations were tried on their merits and a decree entered granting specific performance to the Martins and denying relief to the Tikkas and dismissing their counterclaim. That decree fully adjudicated the Tikkas alleged cause of action for fraud and since it was not reversed on appeal is res adjudicata. Under the circumstances of this case ORS 12.220 does not extend the period of limitations and the trial court did not err in sustaining the demurrer to plaintiffs' complaint.

The judgment is affirmed.