Toni M. SMITH and Steven
R. Smith, Appellants,

v.

Barbara B. STRATTON, Appellee.

No. S–4153.

Supreme Court of Alaska.

June 26, 1992.

John C. Dittman, Kelly, Cossman & Associates, Anchorage, for appellants.

S. Ramona Longacre, Michael J. Hanson, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

### OPINION

RABINOWITZ, Chief Justice.

### INTRODUCTION

This appeal of a dismissal raises the issue of whether Alaska's savings statute applies to an action which is refiled within one year after being dismissed for failure to prosecute. The superior court dismissed the Smiths' complaint, finding that it was time-barred by the statute of limitations and that Alaska's savings statute, AS 09.-10.240, did not apply. The superior court

also rejected the Smiths' equitable estoppel arguments against application of the statute of limitations.

## FACTS AND PROCEEDINGS

On November 30, 1984, Barbara Stratton rear-ended Toni Smith's car, injuring Smith in the accident. Through their lawyer, the Smiths attempted to negotiate a settlement with Allstate Insurance Company, Stratton's insurer. In order to comply with the two year statute of limitations, the Smiths filed an action against Stratton in the superior court in October 1986. On October 28, 1986, the Smiths granted Allstate's request for an indefinite extension of time in which to file an answer since the parties were attempting to negotiate a settlement. In 1987, Smith's car was rear-ended by Yu Son, and in 1988, Andrea Waldon collided with a car in which Smith was a passenger. Son and Waldon were both insured by Allstate. The two later accidents both complicated and slowed settlement negotiations with Allstate, particularly on the issue of Toni Smith's damages.

On January 15, 1988, the clerk of the superior court issued a Civil Rule 41 Notice to Show Cause why the Smiths' action should not be dismissed for want of prosecution.[1] The Smiths' attorney responded to the notice, taking the position that informal attempts at settlement made by the parties constituted sufficient prosecution of the case. In response, the superior court entered an order on March 3, 1988, denying dismissal under Rule 41 and stating that the case would be dismissed if the requirements of Civil Rule 16.1(g) were not satisfied by June 1, 1988.[2] Neither Stratton nor Allstate received a copy of the order. No further action was taken on the case and on June 24, 1988, the superior court dismissed the Smiths' complaint without prejudice.

After the dismissal, settlement negotiations continued. The Smiths retained new counsel and refiled the action, including the two other Allstate insureds in their complaint[3], on April 4, 1989. Again, Allstate requested and received an unlimited extension of time in which to answer the new complaint. Eventually, negotiations broke down and the Smiths asked that Allstate answer the complaint.

Thereafter, Stratton moved for summary judgment, requesting that the superior court dismiss the Smiths' action because the statute of limitations had expired before the complaint was refiled. In opposition, the Smiths argued that Alaska's sav-

1. Civil Rule 41(e) provides:

 **Dismissal for Want of Prosecution.** Actions which have been pending in a court for more than one year without any proceedings having been taken may be dismissed as a matter of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The clerk shall review all pending cases semi-annually and in all cases in which no proceedings have been taken for more than one year, the court shall hold a call of the calendar or the clerk shall send notice to the parties to show cause in writing why the action should not be dismissed. If good cause to the contrary is not shown at a call of the calendar or within 30 days of distribution of the notice, the court shall dismiss the action. The clerk may dismiss actions under this paragraph if a party has not opposed dismissal. A dismissal for want of prosecution is without prejudice unless the court states in the order that the case is dismissed with prejudice.

2. Civil Rule 16.1(g) reads:

 **Inactive Calendar and Dismissal.** Where a motion to set trial and certificate have not been filed within 270 days after the service of the summons and complaint, the case shall be transferred to the inactive calendar by the clerk of the court. The clerk shall promptly notify counsel in writing of the transfer. All cases which remain on the inactive calendar for more than 60 days shall be dismissed, unless within that period: (1) A proper motion to set trial and certificate is filed; or (2) the court on motion for good cause orders a case continued on the inactive calendar for a specified additional period of time. Notwithstanding Civil Rule 41(b), the dismissal does not operate as an adjudication upon the merits unless a previous dismissal has been entered by the court under this rule, or by the plaintiff or parties under Civil Rule 41(a)(1). If a case dismissed under this rule is filed again, the court may make such order for the payment of costs of the case previously dismissed as it may deem proper, and may stay the proceedings in the case until the party has complied with the order.

3. The cases against both Son and Waldon were subsequently dismissed with prejudice on July 3, 1990, and January 30, 1991, respectively.

ings statute allowed refiling of the case within one year of dismissal and, alternatively, that Stratton was estopped from asserting the statute of limitations because Allstate requested extensions which resulted in the Smiths' failure to formally prosecute the action and the consequent dismissal of their claim against Stratton.

The superior court granted summary judgment in Stratton's behalf and this appeal followed.[4]

## I. DOES THE ALASKA SAVINGS STATUTE, AS 09.10.240, APPLY TO CASES DISMISSED FOR FAILURE TO PROSECUTE?

The Smiths contend that since the action was refiled within a year of the superior court's dismissal of their action for failure to prosecute, the savings statute should apply. Stratton disagrees, asserting that a case which has been dismissed for failure to prosecute does not fall within the ambit of the savings statute, which requires that the case be "dismissed upon the trial or upon appeal." AS 09.10.240.[5]

The Alaska savings statute, AS 09.10.240, provides in pertinent part:

> If an action is commenced within the time prescribed and is dismissed upon the trial or upon appeal after the time limited for bringing a new action, the plaintiff ... may commence a new action upon the cause of action within one year after the dismissal or reversal on appeal.

The applicability of the savings statute depends on the interpretation of the phrase "upon the trial or upon appeal."

The Smiths assert that the Alaska Legislature adopted the Oregon savings statute and rely on *City of Fairbanks v. Schaible* for the proposition that the legislature also adopted the Oregon common law interpretation of the statute. 375 P.2d 201, 207 (Alaska 1962).[6] In this regard the Smiths argue that the Oregon courts' interpretations were adopted with the statute and that, therefore, the interpretation of the statute in *White v. Pacific Tel. & Tel. Co.* controls. 168 Or. 371, 123 P.2d 193, 195 (Or.1942), *overruled by Fuller v. Safeway Stores, Inc.*, 258 Or. 131, 481 P.2d 616 (Or.1971). *White* states in dictum that the Oregon savings statute applies to an action dismissed for want of prosecution. The Smiths further argue that since the savings statute is a remedial statute it should be given a liberal construction.

Stratton relies on *Andreanoff v. State* for the proposition that "the presumption is not conclusive and Alaska's courts may adopt a variant interpretation if convinced that the plain language of the statute, common sense and public policy require it." 746 P.2d 473, 476 n. 3 (Alaska App.1987) (citing *Beckley v. State*, 443 P.2d 51, 55–56 (Alaska 1968)). After Alaska's savings statute was adopted in 1962, the Oregon court decided *Fuller v. Safeway Stores, Inc.*, 481 P.2d 616 (Or.1971). In *Fuller*, the court held that the savings statute did not apply to a case dismissed for lack of prosecution and overruled *White*.[7]

**4.** Since the issues before the superior court involved questions of law, the standard of review is *de novo*. *Kollodge v. State*, 757 P.2d 1028, 1032 (Alaska 1988).

**5.** This court previously has declined to reach this issue. *Evron v. Gilo*, 777 P.2d 182, 184 (Alaska 1989); *Shiffman v. K, Inc.*, 657 P.2d 401, 402 n. 1 (Alaska 1983); *Atlas Enters., Inc. v. Consolidated Const. Co.*, 572 P.2d 68, 70 n. 1 (Alaska 1977).

**6.** Alaska Statute 09.10.240 was first enacted in 1962. Ch. 101, § 1.24, SLA 1962. It appears likely that the Oregon savings statute was the source of AS 09.10.240, given the identical text.

**7.** The Smiths call attention to the court's subsequent decision in *Hatley v. Truck Ins. Exch.*, 261 Or. 606, 494 P.2d 426 (Or.1972), characterizing

the decision as a retreat from the court's opinion in *Fuller*. This characterization is inaccurate. While the *Hatley* court extended the reach of the statute to cover any case in which the court has been called on to exercise its judicial function, by determining questions of fact or law, or both, it only addressed the issue of whether a case dismissed for lack of jurisdiction may be refiled under the savings statute. 494 P.2d at 429–30 n. 1. In Ferguson, *The Statutes of Limitations: Saving Statutes*, 324 (1978), the author notes that "[a]rguably a motion to dismiss for want of prosecution involves a judicial examination of issues between the parties so as to constitute a trial," however, he continues by observing that it is possible that the court "will restrict the definition to issues relating to the merits or to procedural issues such as jurisdiction." The *Hatley* court stated that the purpose

We have often stated that "statutory interpretation begins with examination of the language construed in light of its purpose." *Vail v. Coffman Eng'rs, Inc.,* 778 P.2d 211 (Alaska 1989); *J & L Diversified Enter. v. Municipality of Anchorage,* 736 P.2d 349, 351 (Alaska 1987). Here resolution of the issue turns upon construction of the language "upon the trial or upon appeal." In our view "trial" and "appeal" should be interpreted to mean "trial court level" and "appellate court level" respectively. Any other construction of these terms would be unreasonable. We are reluctant to impute an irrational intent to the legislature in its use of the phraseology "upon the trial or upon appeal." It is not rational to assume that the legislature intended to exclude from the savings statute causes of action which are dismissed before trial and not those which (for the same reasons) are dismissed after commencement of trial. Nor does it make sense to distinguish a dismissal which is entered after a notice of appeal has been filed from one which occurs subsequent to submission of the appeal on its merits or one which occurs at oral argument. Thus, we conclude that AS 09.10.240 applies to all actions which have been dismissed, other than on their merits, at both the trial court and appellate court levels.[8]

## II. MAY A DEFENDANT WHO HAS REQUESTED AN INDEFINITE EXTENSION, RESULTING IN A DISMISSAL FOR FAILURE TO PROSECUTE, RELY ON THE STATUTE OF LIMITATIONS TO DISMISS THE REFILED CLAIM?

The Smiths rely on equity in their argument that it is fundamentally unfair for Stratton to assert the bar of statute of limitations after receiving an indefinite extension of time in which to answer the complaint. Stratton characterizes the Smiths' argument as essentially an equitable estoppel argument. Because the Smiths failed to show fraud or misrepresentation and reliance, Stratton asserts that this argument should fail. One commentator explains the term "equitable estoppel" as follows:

> Courts often employ what has been loosely termed "equitable estoppel" to remove the statutory bar in any situation in which the plaintiff's reasonable failure to sue appears to result from reliance on any sort of misleading conduct, such as assurances that the obligation would be discharged without suit, or a request that the plaintiff delay prosecution of the claim.

*Developments in the Law: Statutes of Limitations,* 63 Harv.L.Rev. 1177, 1223 (1950).

Stratton relies on *Groseth v. Ness,* 421 P.2d 624 (Alaska 1966), for the proposition that there must be reliance on misrepresentation or false statements for equitable estoppel. Stratton asserts that *Groseth* closely resembles the instant case. *Groseth,* however, can be distinguished because the plaintiff had not filed a suit when the statute of limitations expired and the failure to file suit was not a result of any agreement between the parties.

In *Gudenau & Co. v. Sweeney Ins. Co.,* we held that a plaintiff who fails to file suit within the statute of limitations may be protected by equitable estoppel if the plaintiff has been induced to postpone filing suit by the defendant's words or conduct. 736 P.2d 763, 768 (Alaska 1987). In

---

of the statute is "to avoid the bar of the statute of limitations for a diligent plaintiff whose timely action has been dismissed over his objection without a determination on the merits." 494 P.2d at 430. The court also noted that "[t]here is a distinct policy reason for denying the benefit of the statute to a plaintiff who has by inaction allowed his claim to be dismissed for want of prosecution." 494 P.2d at 429–30 n. 1.

8. The safeguards from abusive delays provided by Civil Rules 16.1 and 41 support our conclusion. Rule 16.1(g) provides that a dismissal "does not operate as an adjudication on the merits unless a previous dismissal has been entered by the court under this rule." Rule 16.-1(g) further empowers the court to require the payment of costs and to impose a stay of the proceedings until the costs are paid when the case is refiled after dismissal under the rule. Additionally, Rule 41(e) provides that a case dismissed for want of prosecution is dismissed without prejudice under Rule 41(e) unless the court states otherwise.

order to estop an assertion of the statute of limitations defense, the plaintiff must satisfy three conditions: (1) the plaintiff's pursuit of the initial remedy must give the defendant notice of the claims against her; (2) the defendant must not be prejudiced in her ability to gather evidence; and (3) the plaintiff must have acted in good faith. *Id.*

 Here the Smiths were induced to postpone prosecution of the suit by Stratton's request for an indefinite extension of time to file an answer. Thus, we hold that all three conditions for application of equitable estoppel are satisfied: Stratton was aware of the claims against her and benefited from the delay because she was not required to retain an attorney to answer the complaint and the Smiths acted in good faith in granting Allstate extensions of the time to answer.[9]

A similar situation to the instant case occurred in *State v. Reefer King Co.*, 559 P.2d 56, 63 (Alaska 1976), where the state and New Nelco entered into a stipulation extending the state's time in which to answer the complaint until after this court decided a pending case. After our decision, the state filed its answer, asserting that New Nelco lacked capacity to sue and that the statute of limitations had run. We concluded that if the state had filed its answer at the time required, New Nelco would have had the opportunity to remedy its lack of capacity before the statute of limitations had run. Therefore, we held that equitable estoppel barred the assertion of the statute of limitations defense.

CONCLUSION

Alaska Statute 09.10.240 applies to actions dismissed for failure to prosecute. Thus, we conclude that the superior court's dismissal of the Smiths' action on the grounds that it was barred by the two year

statute of limitations is reversed. Further, given the particular circumstances of this record, we hold that Stratton is equitably estopped from asserting the statute of limitations defense.

REVERSED and REMANDED for further proceedings consistent with this opinion.

COMPTON, J., concurs.

BURKE, J., dissents in part, concurs in part.

COMPTON, Justice, concurring.

The court concludes that Alaska's Savings Statute, AS 09.10.240, applies to all actions which have been dismissed, whether at the trial court or appellate court level. I agree. Since this issue is dispositive of the case, there is no reason to address whether Stratton is equitably estopped from asserting the defense of the statute of limitations. I express no opinion whether I agree with the court's analysis and conclusion on this issue.

BURKE, Justice, dissenting, in part, and concurring, in part.

I join in part II of the court's opinion and concur, therefore, in the result. I disagree, however, with part I of the opinion.

First, there is no need to decide the issue discussed in part I. Second, I think the holding in part I is plainly wrong. Using the reasoning of the Oregon Supreme Court in *Fuller v. Safeway Stores, Inc.*, 258 Or. 131, 481 P.2d 616, 617 (1971), I would hold AS 09.10.240 inapplicable in the case at bar.

---

9. Quasi estoppel "precludes a party from taking a position inconsistent with one he or she has previously taken where circumstances render assertion of the second position unconscionable." *Jamison v. Consolidated Util. Inc.*, 576 P.2d 97, 102 (Alaska 1978). Quasi estoppel does not require ignorance or reliance by the party claiming estoppel. *Id.* In determining quasi estoppel issues, a court should consider whether the party asserting the inconsistent position has benefited or produced a detriment by the first

position, the magnitude of the inconsistency, and whether the first position was asserted with full knowledge of the facts. *Id.*

Here it is unconscionable for Stratton to request and receive two extensions of time to answer the complaint and then to assert the statute of limitations. Allstate benefited from the extension of time because Allstate did not have to retain and pay for an attorney to file the answer.