Argued and submitted June 22, affirmed August 5, 1992

## TE-TA-MA TRUTH FOUNDATION —
## FAMILY OF URI, INC.,
### D'Angelica Mariam Uri, James Germain Uri
### and Grace Marama Uri,
*Appellants,*

*v.*

### Vinson H. VAUGHAN
### Donna M. Vaughan
### and Charles O. Porter,
*Respondents.*

(90-58-E-3; CA A68730)

835 P2d 938

Patricia Campbell, Salem, argued the cause and filed the brief for appellants.

Michael Brian, Medford, argued the cause and filed the brief for respondents Vinson H. Vaughan and Donna M. Vaughan.

John F. Kilcullen, Eugene, argued the cause for respondent Charles O. Porter. With him on the brief were Richard A. Roseta and Brown, Roseta, Long & McConville, Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs appeal from summary judgments for defendants. We affirm.

In 1985, plaintiffs hired defendant Porter, an attorney, to represent them on a number of matters, including an FED action that defendants Vaughan had brought against plaintiffs and in which plaintiffs, by a "complaint in intervention," had asserted claims against the Vaughans.[1] Before hiring Porter, plaintiffs had been represented by two other attorneys, successively, in pursuing the case. In June, 1986, after plaintiffs failed to pay him and after he had given them ample warning, Porter resigned as their attorney. They attempted unsuccessfully to find other counsel. In November, 1987, plaintiff James Germain Uri, who is not an attorney, appeared to represent plaintiffs at the hearing on the Vaughans' action. The trial court ruled that, because one of the plaintiffs was a corporation, Uri could not appear on behalf of plaintiffs. *See* ORS 9.320. The court struck plaintiffs' complaint in intervention and dismissed it with prejudice; the court also gave the Vaughans a judgment on their FED claim. We dismissed plaintiffs' appeal by order, and the Supreme Court denied review.

Within a time that was arguably less than one year after the first action ended, plaintiffs brought this action. They stated claims against the Vaughans that duplicated those in the earlier action and a malpractice claim against Porter, alleging that his actions caused the loss of the first case. The Vaughans and Porter moved for and were granted summary judgment on the grounds, *inter alia*, that the claims against the Vaughans were barred by *res judicata* and that, as a matter of law, Porter was not responsible for any injury to plaintiffs.

■ Plaintiffs appeal. We affirm the judgment for Porter without discussion. Plaintiffs contend that, although their claims against the Vaughans in this action are identical to the claims in the preceding one, *res judicata* should not have been

---

[1] No issues are presented that involve the Vaughans' FED claim. For purposes of this opinion, our reference to the Vaughans' action relates only to plaintiffs' claims. No argument is made that the interests of the corporate plaintiff differ from those of the individual plaintiffs.

applied. Rather, they argue that the time for filing the new action was extended by ORS 12.220:

> "Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff, or if the plaintiff dies and any cause of action in the favor of the plaintiff survives, the heirs or personal representatives of the plaintiff, may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."

Plaintiffs reason that the statute is applicable to facts, such as these, where the first action was dismissed without a decision on the merits. Although a dismissal with prejudice normally creates a *res judicata* bar to any later action, they contend that the mere insertion of the words "with prejudice" in a judgment that memorializes a disposition that is not on the merits cannot defeat the operation of the statute and, therefore, that ORS 12.220 applies here and *res judicata* does not.

As far as we or the parties find, the relationship between ORS 12.220 and *res judicata* has not been explored in any opinion by Oregon appellate courts under circumstances where either would apply in the absence of the other. We need not do so here, because we disagree with plaintiffs' starting premise that ORS 12.220 can have any application to these facts. In *Fuller v. Safeway Stores*, 258 Or 131, 481 P2d 616 (1971), the court held that a dismissal of an action for want of prosecution does not give rise to the one-year extension for filing under ORS 12.220.[2] The court later explained, in *Hatley v. Truck Insurance Exchange*, 261 Or 606, 613, n 1, 494 P2d 426, 495 P2d 1196 (1972), that "[t]here is a distinct

---

[2] The court overruled its contrary *dictum* in *White v. Pacific Tel. & Tel. Co.*, 168 Or 371, 375, 123 P2d 193 (1942). In *Tikka v. Martin*, 271 Or 287, 292, 532 P2d 18 (1975), the court quoted the disapproved *dictum*, without noting that it had been overruled. There is no reason to infer a conscious effort on the court's part to revitalize the language that concerns us. The *White* quotation referred to some situations to which ORS 12.220 applies and some to which it does not. In *Tikka*, the issue before the court paralleled one of the situations to which, it had said in *White*, the statute does not apply.

policy reason for denying the benefit of the statute to a plaintiff who has by inaction allowed his claim to be dismissed for want of prosecution."

Although plaintiffs' complaint in intervention was not expressly dismissed for failure to prosecute, the circumstances are analogous. Plaintiffs were not ready to proceed on their complaint in intervention, because they had failed for over a year to take a measure — obtaining new counsel — that was essential to their ability to prosecute the action. Indeed, the court's order striking the complaint made clear that plaintiffs' dilatoriness was part of the basis for the dismissal. It recited that plaintiffs had appeared through three different attorneys and did not then have one to prosecute a complaint that was originally filed more than three years earlier. We hold that ORS 12.220 is not applicable and that the court was therefore correct in ruling that the action is barred by *res judicata*. *See Tikka v. Martin, supra,* n 2.

■ Plaintiffs' remaining assignment and supporting argument state in their entirety:

"The trial court erred in granting Defendants sanctions of attorney fees for Plaintiffs' failure to appear for depositions.

"Instead of reiterating all the material included in the several documents in the file concerned with this Assignment of Error, Plaintiff[s] [refer] the Court to those documents, and [request] that this Court find that the trial court abused its discretion in awarding attorney fees, and that that award be reversed."

Defendants respond that, under ORAP 5.45(3), we should not review this assignment, which requires us to search the record. They are correct. More fundamentally, the argument makes no point that we *could* review.

Affirmed.