Argued and submitted November 30, 2011, reversed and remanded
October 3, 2012, petition for review denied March 28, 2013 (353 Or 428)

CORNUS CORPORATION,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

GEAC ENTERPRISE SOLUTIONS, INC.,
a Georgia corporation;
AMSI, a Geac Computer Inc., company; and
Infor Global Solutions (Michigan) Inc.,
a Georgia corporation,
*Defendants-Respondents.*

Jackson County Circuit Court
075382L3; A146476

289 P3d 267

Eric B. Mitton argued the cause for appellant. With him
on the briefs were Charles E. Bolen and Hornecker, Cowling,
Hassen & Heysell, L.L.P.

Kevin H. Kono argued the cause for respondents. With him on the brief were Robert D. Newell and Davis, Wright, Termaine LLP.

Before Schuman, Presiding Judge, and Armstrong, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Plaintiff filed an action in state court for damages arising out of a software sales contract with defendants. The trial court dismissed plaintiff's case, ruling that it was barred by the doctrine of claim preclusion. Previously, a federal district court had dismissed a similar action by plaintiff under Federal Rule of Civil Procedure (FRCP) 41(b) for plaintiff's negligent failure to comply with court orders and failure to prosecute. Plaintiff appeals the dismissal, contending that, under Oregon law governing the preclusive effect of the prior federal judgment, it is entitled to proceed in state court despite the outcome in federal court. Because we conclude that Oregon's preclusion rule, not the federal rule, governs the claim-preclusive effect of the federal judgment and permits plaintiff to pursue its claims in an Oregon court, we reverse and remand.

The following procedural history is relevant to plaintiff's assignment of error. In June 2004, plaintiff Cornus Corporation filed an action against defendants Geac Enterprise Solutions, Inc. (Geac) and AMSI in Jackson County Circuit Court, alleging breach of contract and related claims involving a software sales contract. Defendants removed the case to the United States District Court for the District of Oregon based on diversity jurisdiction. While in federal court, the parties engaged in settlement negotiations and some discovery. Plaintiff moved to extend the discovery deadline and other case management deadlines, which the district court allowed. One of the new deadlines included the date for the parties to file a pretrial order, which the magistrate judge set as October 24, 2005, via a scheduling order. Neither party, however, filed the pretrial order by the deadline.

On October 27, 2005, the magistrate judge issued an "Order to Show Cause," which provided, in part:

"Plaintiff is ordered to show cause in writing within 30 days as to why this case should not be dismissed for failure to comply with the court's order and for lack of prosecution."

The order further warned that a failure to respond would "result in dismissal of the case." When plaintiff then failed

to respond to the order to show cause, the magistrate judge issued brief findings that plaintiff had failed to respond to the order to show cause and recommended that the case "be dismissed for failure to prosecute and failure to comply with the court's orders." The district court judge adopted the magistrate judge's recommendation and dismissed the action—including all claims and counterclaims—on December 16, 2005. The district court entered a one-line judgment dismissing the case that simply stated, "This action is dismissed."

Approximately one year after the dismissal, on December 15, 2006, plaintiff filed a motion for relief from the judgment under FRCP 60(b) based on its lack of fault. In his affidavit, plaintiff's counsel explained that he was unaware of the order to show cause and the order of dismissal until he received a hard copy of the latter on December 22, 2005. But plaintiff's counsel worsened plaintiff's position by violating a local court rule when he failed to confer with opposing counsel before he filed the motion, as required by District of Oregon Local Rule of Civil Practice 7.1. On December 19, 2006, the magistrate judge placed the matter in abeyance for 14 days pending compliance with Local Rule 7.1, but on December 27, 2006, the district court denied plaintiff's motion for relief from the judgment of dismissal for failure to properly confer with opposing counsel.

Seven months later, plaintiff obtained new counsel and filed a renewed motion for relief from the judgment. Plaintiff's renewed motion was based, in part, on more specifically described failings of plaintiff's former counsel:

"[Plaintiff's] former attorney is unfamiliar with and is inexperienced in federal court practice. Also, he did not comprehend the Court's electronic case management system and, therefore, did not access, open, and/or read and attend to notifications, orders, and other communications that the Court electronically issued in this action."

However, the district court denied plaintiff's renewed motion for relief from the judgment because it was untimely and because plaintiff's former counsel's actions failed to qualify as excusable neglect or extraordinary circumstances under FRCP 60(b). In denying the renewed motion for relief from

the judgment, the district court characterized plaintiff's former counsel's conduct as "negligent."

Approximately three months later, in December 2007, plaintiff filed the complaint in the Jackson County Circuit Court that is the subject of this dispute. Plaintiff made factual allegations similar to those in the federal action against defendants; added Infor Global Solutions (Michigan) Inc., a successor-in-interest to Geac, as a defendant; and alleged additional damages. Defendants removed that case to the same district court, but this time plaintiff filed a motion seeking a remand of the case to the circuit court. The district court granted the motion based on the forum-selection clause in the contract at issue and remanded the action.

In the circuit court, defendants then moved for summary judgment based on claim preclusion, arguing that, because the state action involved the same parties and the same factual allegations in the first action that the district court had dismissed, plaintiff's claims were barred by the prior federal judgment. The circuit court granted defendant's motion for summary judgment, concluding that the prior federal judgment barred the subsequent state action. The circuit court's order stated that to deny the preclusive effect of the federal judgment would be "incompatible with federal interests" because "[t]he federal court has a clear interest in compliance with its own orders to maintain the integrity of the judgment process, just as the state court does."

On appeal, plaintiff assigns error to the circuit court's granting of defendants' motion for summary judgment, arguing that plaintiff's claims are not barred by Oregon claim preclusion law. Summary judgment is appropriate if there is no genuine issue of material fact for trial, and the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Brehm v. Caterpillar, Inc.*, 235 Or App 274, 278, 231 P3d 797, *rev den*, 349 Or 245 (2010). When there is no issue of material fact in dispute, we review the trial court's ruling for errors of law. *Oregon Southwest, LLC v. Kvaternik*, 214 Or App 404, 413, 164 P3d 1226 (2007), *rev den*, 344 Or 390 (2008).

The parties dispute whether federal or Oregon state law ultimately provides the rule of decision for the claim-preclusive effect of a federal judgment dismissing a diversity action due to a party's negligent conduct. Both parties rely on *Semtek Int'l Inc. v. Lockhead Martin Corp.*, 531 US 497, 508, 121 S Ct 1021, 149 L Ed 2d 32 (2001), as fundamental authority. We agree that *Semtek* is pivotal.

In *Semtek*, the United States Supreme Court addressed the circumstances under which a federal judgment of dismissal pursuant to FRCP 41(b) precludes a plaintiff in a diversity case from refiling the action in state court.[1] The plaintiff in *Semtek* filed a complaint against the defendant in California state court, alleging various business torts, and the defendant removed the case to federal district court based on diversity of citizenship and then moved for dismissal. 531 US at 499. The district court granted the defendant's motion because the plaintiff's claims were barred by California's two-year statute of limitations; the court dismissed the plaintiff's claims "in [their] entirety on the merits and with prejudice." *Id.* (internal quotations marks omitted; brackets in original). The plaintiff then filed a complaint containing the same claims against the defendant in Maryland state court, where the claims were timely under Maryland's longer three-year statute of limitations. *Id.* The defendant removed the action to the United States District Court for the District of Maryland based on federal-question jurisdiction, but that court remanded the case for lack of a federal question. *Id.* at 499-500. The Maryland court then dismissed the plaintiff's claims, based on claim preclusion, because the previous federal judgment in California was "on the merits." *Id.* at 500.

The plaintiff appealed the state trial court's dismissal to the Maryland Court of Special Appeals. *Id.* The Court of Special Appeals affirmed, holding that, regardless

---

[1] FRCP 41(b) provides:

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

of how a California state court would treat the earlier judgment, "the dismissal by the California federal court barred the complaint filed in Maryland, since * * * the earlier dismissal was on the merits and claim preclusive" under federal law. *Id.* The plaintiff then appealed to the Maryland Court of Appeals, which declined to review the case, and the United States Supreme Court granted *certiorari. Id.*

Before the United States Supreme Court, the defendant argued that, because the previous federal judgment in California was "on the merits," FRCP 41(b) controlled and that the dismissal had a claim-preclusive effect in Maryland state court. *Id.* at 501. The Supreme Court rejected the defendant's assumption that all judgments "on the merits" pursuant to FRCP 41(b) in a diversity case are entitled to claim-preclusive effect in a subsequent state court proceeding. *Id.* at 503. Rather, "the effect of the 'adjudication upon the merits' default provision of [FRCP] 41(b)" was that it served to bar the plaintiff from refiling the same action in the same federal district court. *Id.* at 506. The Supreme Court reasoned, in part, that the defendant's interpretation of the rule would result in forum-dependent outcomes and engender forum shopping, contrary to the federalism principles of *Erie R. Co. v. Tompkins*, 304 US 64, 78-80, 58 S Ct 817, 82 L Ed 1188 (1938). Whenever outcomes would differ if a state court action were removable to federal court based on diversity jurisdiction, a defendant would invariably remove the case and, upon obtaining a dismissal in federal court, preclude suit everywhere. *Id.* at 504.

The Supreme Court concluded that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Id.* at 508. But, in a diversity case,

> "[s]ince state, rather than federal, substantive law is at issue there is no need for a uniform federal rule. And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or federal court."

*Id.* Therefore, the Supreme Court held that federal common law requires "adopting, as the federally prescribed rule

of decision, the law that would be applied by state courts in the *State in which the federal diversity court sits.*" *Id.* (emphasis added). The Supreme Court, however, carved out an exception to the general application of the state rule of decision when state law is incompatible with "federal interests":

> "This federal reference to state law will not obtain, of course, in situations in which the state law is incompatible with federal interests. If, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule."

*Id.* at 509.

In sum, in accordance with *Semtek,* we first determine the preclusive effect of the federal diversity judgment in this case under Oregon law. If Oregon law does not give preclusive effect to the federal diversity judgment, then we must determine whether Oregon law is incompatible with federal interests. If no conflict exists with potential federal interests, then the Oregon preclusion rule governs; however, if Oregon law is incompatible with federal interests, then the federal preclusion rule governs.

Applying *Semtek* to this case, we first address the preclusive effect of a dismissal for negligent failure to prosecute or to comply with a court's order under Oregon law. Neither this court nor the Oregon Supreme Court has applied *Semtek* to determine the preclusive effect of a prior federal diversity judgment. Courts in several other states, however, have applied *Semtek* to determine the preclusive effect of a federal diversity judgment, but none of those cases, cited in the parties' briefs, has provided an analysis of the application of the federal interest exception.[2] Thus, we decide a case of first impression in Oregon without the

---

[2] Other courts have determined, with little analysis, that the federal interest exception does not apply. *See, e.g., Regions Financial Corp. v. Marsh USA, Inc.,* 310 SW3d 382, 391 n 5 (Tenn Ct App 2009) ("There is nothing in the present case to indicate that [the federal interest] exception would apply here."); *CS-Lakeview at Gwinnett, Inc. v. Retail Development Partners,* 268 Ga App 480, 484, 602 SE2d 140, *rev den,* 2004 Ga LEXIS 1059 (2004) ("We fail to see how the rule at issue here—whether a judgment has preclusive effect pending appeal—could affect the integrity of these federal court processes."). Those cases did not involve FRCP 41(b) dismissals.

assistance of a well-developed body of case law from other jurisdictions.

The parties initially dispute what the applicable claim preclusion law is in Oregon. Plaintiff relies on ORCP 54 B for its assertion that Oregon law would not give preclusive effect to the prior federal diversity judgment. That rule provides, in part:

> "(1) Failure to comply with rule or order. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for a judgment of dismissal of an action or of any claim against such defendant.
>
> "* * * * *
>
> "(4) Effect of judgment of dismissal. Unless the court in its judgment of dismissal *otherwise specifies,* a dismissal under this section operates as an adjudication without prejudice."

(Emphasis added.) Plaintiff contends that, because the prior judgment stated merely that "[t]his action is dismissed," the judgment operates as an adjudication without prejudice and does not have claim-preclusive effect. Defendants contend that ORCP 54 B is inapplicable to the effect of the diversity judgment entered by the California federal court because federal courts sitting in diversity apply state substantive law and federal procedural law, *Gasperini v. Center for Humanities, Inc.*, 518 US 415, 427, 116 S Ct 2211, 135 L Ed 2d 659 (1996), and ORCP 54 B(4) applies only to judgments rendered by Oregon courts.

In discussing the state rule of decision for the preclusive effect of a prior federal diversity judgment, the Supreme Court in *Semtek* suggested that state "substantive law" is at issue, 531 US at 508, and rejected as "peculiar" the notion that a federal court procedural rule should govern the effect of a federal judgment in other courts, *id.* at 503. Thus, we agree with defendants that the relevant inquiry is whether state substantive law, specifically, Oregon's common law, not a state court procedural rule, would require an Oregon court to give preclusive effect to the prior federal judgment.

Applying Oregon common law, Oregon courts would not give preclusive effect to a prior judgment of dismissal for failure to prosecute or to comply with a court's order because it was not the product of a decision on the substantive merits of the dismissed claims. In Oregon, the doctrine of claim preclusion prohibits any party "from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first[] [action]" and the first action resulted in a judgment "on the merits." *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982). The Oregon Supreme Court explained when a judgment is "on the merits" in *Rennie*:

> "The term 'on the merits' connotes a *final definitive decision as to the substantive validity of plaintiff's cause of action*, in contrast to a ruling based wholly on a procedural aspect of the case. Thus, where a court dismisses a plaintiff's action on a matter of procedure—*e.g.*, improper venue, lack of jurisdiction, or nonjoinder of an essential party—without ruling as to the substantive validity of plaintiff's claim for relief, that dismissal will not generally be *res judicata* so as to preclude subsequent action based on the same claim."

*Id.* at 330-31 (emphasis added).

Defendants rely on *Te-Ta-Ma Truth Foundation v. Vaughan*, 114 Or App 448, 835 P2d 938 (1992), to support their contention that dismissals for failure to prosecute are adjudications on the merits and have a preclusive effect in Oregon. In defendants' view, *Te-Ta-Ma Truth Foundation* is a case in which the first judgment of dismissal was akin to a dismissal for failure to prosecute, and, because we affirmed the dismissal of the second action alleging identical claims, the case establishes that Oregon courts give preclusive effect to a dismissal for failure to prosecute. Defendants' reading of *Te-Ta-Ma Truth Foundation* is flawed because it downplays that the trial court dismissed the plaintiffs' first complaint "with prejudice," *id.* at 450, and that we noted that "a dismissal with prejudice normally creates a *res judicata* bar to any later action." *Id.* at 451. Under Oregon law, a dismissal "with prejudice" creates a claim-preclusive bar, even if the dismissal was due to a procedural fault and not a decision on the substantive validity of the action. *See*

*id.* at 451 (a dismissal with prejudice normally precludes a later action); *Sandgathe v. Jagger,* 165 Or App 375, 381, 996 P2d 1001 (2000) ("The term 'with prejudice,' expressed in a judgment of dismissal, has a well-recognized legal import" and operates as an adjudication on the merits). Thus, *Te-Ta-Ma Truth Foundation* does not stand for the proposition that any dismissal for failure to prosecute carries a claim-preclusive effect in Oregon. In this case, because the district court's dismissal of the diversity action was not based on the substantive validity of plaintiff's claims, the diversity judgment is not a decision "on the merits" and does not preclude this action under Oregon law. *See Rennie,* 294 Or at 330-31.

Having determined that Oregon law does not preclude a dismissal for failure to prosecute or to comply with a court's order, we turn to the final inquiry addressed in *Semtek*: whether Oregon law is incompatible with federal interests. If Oregon law is incompatible with "federal courts' interest in the integrity of their own processes," 531 US at 509, then federal claim preclusion law, rather than Oregon law, governs.

As noted earlier, the Supreme Court in *Semtek* suggested that if "state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule." *Id.* Plaintiff argues that the federal interest exception described in *Semtek* is limited to dismissals for willful violations of a court's order or other similar egregious wrongdoing. Plaintiff notes that the federal district court found that the actions of plaintiff's former counsel—failing to familiarize himself with electronic filing and missing deadlines—"are characterized properly as negligent," and plaintiff concludes that nothing comparable to a willful violation of a court order occurred that would justify applying federal rather than Oregon preclusion law.

Defendants argue, however, that plaintiff misconstrues *Semtek* by overemphasizing a single example of when federal interests are incompatible with conflicting state law on preclusion. In a two-part argument, defendants contend that federal courts have a "profound interest in the

finality of their judgments, and in preventing the abuse or waste of federal judicial resources, whether it results from willful conduct, negligence, or inadvertence," that outweighs application of Oregon law. Defendants first contend that federal courts have an interest in managing their dockets and in the finality of their judgments and, relying on *Costello v. United States*, 365 US 265, 81 S Ct 534, 5 L Ed 2d 551 (1961), argue that the interest in finality is particularly strong when the defendant has been forced to expend resources to litigate the case before dismissal. Second, according to defendants, once a federal court dismisses a plaintiff's case for failure to prosecute or to comply with a court's order, it has an interest in ensuring that its sanction to enforce compliance with proper procedure—a penalty dismissal—is not undermined.

We disagree with defendants' proffered reading of *Semtek*'s federal interest exception, a reading so broad that federal preclusion law must govern almost every dismissal of a federal action under FRCP 41(b), despite the kind of transgression that led to the dismissal. We consider three aspects of *Semtek* to be important guides to our disposition. First, *Semtek* makes clear that a penalty dismissal under Rule 41(b) for failure to prosecute or to comply with a court order would preclude a second federal action on the same claim *in the same district court*, thus ensuring that the federal court's sanction is not undermined. 531 US at 506 (Rule 41(b) means that "dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California."); *see also Styksal v. Weld County Bd. of County Com'rs*, 365 F3d 855, 859 (10th Cir 2004) ("[T]he dismissal with prejudice by the district court in this case does not necessarily mean anything more than that Plaintiff cannot refile her claim in the United States District Court for the District of Colorado [where it was previously filed].").

Second, we consider *Semtek*'s distinction between the preclusive effect of a federal judgment in a federal question case and a federal judgment in diversity case to be significant. The *Semtek* court explained that, although there is no federal statutory or constitutional provision that addresses the preclusive effect of a federal question judgment, courts "have long held that States cannot give those judgments merely

whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes." 531 US at 507. Federal courts have a significant interest in applying a uniform federal claim-preclusion rule to judgments that involve federal substantive law, but only a limited interest when it comes to diversity judgments. *See id.* at 508 (because state substantive law is at issue in a diversity case, "there is no need for a uniform federal rule").

Third, we consider *Semtek*'s example of when state law is incompatible with federal interests to be particularly helpful in determining the types of federal interests that would prevent the application of state preclusion law. As previously noted, we generally apply state preclusion law in diversity cases to avoid forum-shopping and inequitable administration of the law; otherwise, litigants would be encouraged to file in or remove cases to federal court. *Id.* at 508-09. But as the *Semtek* court's example suggests, a federal court would have an interest in requiring a state court to preclude a party's attempt to restart litigation after a willful violation of the federal court's orders resulted in dismissal. Given the countervailing federalism concerns that the Supreme Court discussed in *Semtek*, we conclude that federal law requires some type of abuse of the judicial process or other willful conduct to trigger the application of a federal rule of decision to determine the preclusive effect of the prior federal diversity judgment in a subsequent state court action.

Although there is no helpful case law directly on point in the context of a prior federal diversity judgment, the parties discuss at length two cases involving the preclusive effect of a prior judgment of dismissal, but issued by a federal court with federal question jurisdiction, in a subsequent state court action. Those two cases, both concerning dismissals for failure to comply with a federal district court's order, support our conclusion that the federal interest exception applies when a party willfully, not negligently, fails to prosecute or to comply with a court's orders.

In *DeNardo v. Barrans*, 59 P3d 266, 269 (Alaska 2002), *cert den*, 539 US 928 (2003), the plaintiff brought his constitutional and wrongful termination claims in federal district court based on federal question jurisdiction. Several

days before trial, the plaintiff asked for a continuance for medical reasons. *Id.* at 267. When the district court denied his request, the plaintiff stated that he did not intend to appear at trial, and the district court 'dismissed the plaintiff's case with prejudice for "failure to abide by the orders of the court." *Id.* Thus, the plaintiff deliberately and knowingly refused to follow the court's orders concerning the trial, mere days before it was to commence. The plaintiff then filed an identical complaint in an Alaska superior court, and the defendants moved for summary judgment based on claim preclusion. *Id.* Relying on *Semtek*, the Alaska Supreme Court concluded that for federal judgments in a federal question case, state courts must accord the preclusive effect that federal courts prescribe. *Id.* at 269. Thus, the court held that, "[b]ecause federal cases unequivocally treat a punitive dismissal like DeNardo's—a judgment that terminates a case for failing to follow court orders—as a judgment 'on the merits' that has claim preclusive effect," the judgment had the effect of precluding the subsequent state action. *Id.* at 270.

In contrast, in *Brown v. Simmons*, 270 SW3d 508 (Mo Ct App 2008), the court did not give preclusive effect to a prior federal judgment dismissing the plaintiff's case for failure to comply with a court's order. In *Brown*, the plaintiff was a federal prisoner who filed an action in federal district court based on federal question jurisdiction for violations of his constitutional rights. 270 SW3d at 510. The district court dismissed his action for failure to comply with a court order to pay a filing fee. *Id.* The plaintiff then filed a subsequent action in Missouri state court, and the defendant moved to dismiss, relying on *DeNardo*. *Id.* The court in *Brown* distinguished *DeNardo*: the *DeNardo* court "went to great lengths to emphasize the plaintiff's blatant and willful disregard for the Court[,]" whereas in *Brown*, "there [was] no indication or contention that [the plaintiff] willfully disregarded the court's order that he pay the filing fee." *Id.* at 514. The court concluded:

> "Working under the assumption that 'dismissal with prejudice [under Rule 41(b)] is an extreme sanction that should be used only in cases of willful disobedience of a court's order or where a litigant exhibits a pattern of intentional

delay,' we cannot categorize [the plaintiff's] failure to pay the filing fee in his federal case as rising to the same caliber of conduct exhibited by the plaintiff in *DeNardo*."

*Id.* (internal citation omitted; brackets in original).

Although neither *Brown* nor *DeNardo* addressed the preclusive effect of a federal diversity judgment in state court, both cases did address whether under federal law a dismissal for failure to comply with a court's order is "on the merits," barring a subsequent state action. The state courts in *Brown* and *DeNardo* agree that federal courts have a significant interest in their own process when a plaintiff *willfully* disregards a court's order or exhibits a pattern of *intentional* delay. That type of abuse of the judicial process warrants claim preclusion not only for judgments in federal question cases but, as *Semtek* suggests, for judgments in diversity cases as well. Although we acknowledge that federal courts have an interest in preventing inefficient litigation in their courts, including requiring litigants to abide by court rules and discouraging litigants from clogging the court's docket through inexperience and negligence, defendants fail to persuade us that a federal court's interest in the integrity of its own process cannot be adequately vindicated by giving a prior federal dismissal for negligent failure to prosecute and to follow court orders preclusive effect in the same federal district court.

Here, there is no indication that plaintiff willfully violated the district court's order to show cause. Rather, plaintiff's failure to comply with the order was due to plaintiff's former counsel's inexperience and unfamiliarity with the federal court's electronic case management system. Because plaintiff's former counsel's failure to comply with the district court's order was careless and inattentive rather than willful, there is no significant federal interest implicated that would justify applying federal preclusion law instead of Oregon state law. *See Semtek*, 531 US at 509. The federal court's interest in the integrity of its own process is sufficiently protected by precluding plaintiff from refiling in the federal district court.

Because Oregon state law is not incompatible with federal interests, the claim-preclusive effect of the federal

court's dismissal of plaintiff's claims for its negligent failure to prosecute or to comply with a court's order is governed by Oregon's claim preclusion law. And because under Oregon law, the federal judgment of dismissal was not the result of an adjudication on the merits of plaintiff's claims, the trial court erred in ruling that plaintiff's claims were barred by claim preclusion.

Reversed and remanded.